UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ALABAMA
EASTERN DIVISION

| | | |
|---|---|---|
| ROY WILLIAMS, JR., | ] | |
| | ] | |
| Plaintiff, | ] | |
| | ] | |
| vs. | ] | |
| | ] | CV 98-N-1403-E |
| RETAIL, WHOLESALE & | ] | |
| DEPARTMENT STORE UNION, | ] | |
| AFL-CIO, LOCAL #506, | ] | |
| | ] | |
| Defendant. | ] | |

*FILED*

SEP 30 1998

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ALABAMA

*ENTERED*

OCT 1 1998

## Memorandum of Opinion

In this action, *pro se* plaintiff Roy Williams brings suit pursuant to Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e *et seq.*, and 42 U.S.C. § 1981, alleging that defendant Retail, Wholesale & Department Store Union, AFL-CIO, Local #506 discriminated against him in the terms and conditions of his employment on the basis of his race and subjected him to a racially hostile work environment.

The matter is presently before the court on a motion for summary judgment filed by the defendant on July 13, 1998. The motion has been fully briefed and was submitted at the court's regularly scheduled motion docket on Wednesday, September 30, 1998. Upon due consideration, defendant's motion for summary judgment will be granted.

## I. Statement of Facts.[1]

The plaintiff, Roy Williams, worked for Tyson Foods, Inc. (hereinafter "Tyson") in Gadsden, Alabama until he was terminated on approximately November 30, 1992. While at Tyson, Williams was a member of the Retail, Wholesale & Department Store Union, AFL-CIO, Local #506 (hereinafter "the Union"), and served as a shop steward for the Union for some time. After he was terminated, Williams filed a grievance against Tyson through the Union which was denied by Tyson on January 26, 1993. On February 24, 1993, the Union sent a letter via certified mail to Williams notifying him that if he wished to appeal his grievance to the executive board of the Union he was required to appear before the board in person on February 28, 1993. The plaintiff's apartment number was omitted from the address, and the letter came back "unclaimed" on March 1, 1993. No further action was taken by the Union with regard to Williams' grievance, and there was almost no further contact between the parties for nearly four and a half years.

Williams filed suit in federal court on August 7, 1995, alleging that Tyson Foods had discriminated against him on the basis of his race. Williams allegedly spoke with John Whitaker, the business agent for the Union, at various times during the pendency of the litigation and unsuccessfully requested that he appear at various pretrial proceedings. He then subpoenaed Whitaker to appear at his trial as a witness, but Whitaker was unable to attend because he was out of town and did not receive the subpoena until after he had left.

---

[1] In developing the statement of facts in this opinion, the court considered the complaint, the plaintiff's EEOC charge, defendant's motion for summary judgment, and plaintiff's responses to the motion for summary judgment. These are the "facts" for summary judgment purposes only. They may not be the actual facts. *Cox v. Administrator U.S. Steel & Carnegie Pension Fund*, 17 F.3d 1386, 1400 (11th Cir. 1994), *cert. denied, USX Corp. v. Cox*, 114 S. Ct. 900 (1995).

Another official of the Union, Henry Jenkins, did appear in court in response to a subpoena issued by Williams, but did not testify. The case went to trial on October 20, 1997, and the jury returned a verdict for Tyson on October 29, 1997. Williams' motion for a new trial was denied on December 12, 1997, and his appeal was dismissed as frivolous by the Eleventh Circuit on June 4, 1998.

## II.   Summary Judgment Standard.

Under Federal Rule of Civil Procedure 56(c), summary judgment is proper "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Fed. R. Civ. P. 56(c). The party asking for summary judgment "always bears the initial responsibility of informing the district court of the basis for its motion, and identifying those portions of 'the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any,' which it believes demonstrate the absence of a genuine issue of material fact." *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986) (quoting Fed. R. Civ. P. 56(c)). The movants can meet this burden by presenting evidence showing there is no dispute of material fact, or by showing that the nonmoving party has failed to present evidence in support of some element of its case on which it bears the ultimate burden of proof. *Celotex*, 477 U.S. at 322-23. There is no requirement, however, "that the moving party support its motion with affidavits or other similar materials *negating* the opponent's claim." *Id.* at 323.

Once the moving party has met his burden, Rule 56(e) "requires the nonmoving party to go beyond the pleadings and by her own affidavits, or by the 'depositions, answers to

3

interrogatories, and admissions of file,' designate 'specific facts showing that there is a genuine issue for trial.'" *Id.* at 324 (quoting Fed. R. Civ. P. 56(e)). The nonmoving party need not present evidence in a form necessary for admission at trial; however, he may not merely rest on his pleadings. *Celotex*, 477 U.S. at 324. "[T]he plain language of Rule 56(c) mandates the entry of summary judgment, after adequate time for discovery and upon motion, against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial." *Id.* at 322.

After the plaintiff has properly responded to a proper motion for summary judgment, the court must grant the motion if there is no genuine issue of material fact, and the moving party is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(c). The substantive law will identify which facts are material and which are irrelevant. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). A dispute is genuine "if the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Id.* at 248. "[T]he judge's function is not himself to weigh the evidence and determine the truth of the matter but to determine whether there is a genuine issue for trial." *Id.* at 249. His guide is the same standard necessary to direct a verdict: "whether the evidence presents a sufficient disagreement to require submission to a jury or whether it is so one-sided that one party must prevail as a matter of law." *Id.* at 251-52; *see also Bill Johnson's Restaurants, Inc. v. N.L.R.B.*, 461 U.S. 731, 745 n.11(1983). However, the nonmoving party "must do more than show that there is some metaphysical doubt as to the material facts." *Matsushita Elec. Indus. Co., Ltd. v. Zenith Radio Corp.*, 475 U.S. 574, 586 (1986). If the evidence is merely colorable, or is not

4

significantly probative, summary judgment may be granted. *Anderson*, 477 U.S. at 249 (citations omitted); *accord Spence v. Zimmerman*, 873 F.2d 256 (11th Cir. 1989). Furthermore, the court must "view the evidence presented through the prism of the substantive evidentiary burden," so there must be sufficient evidence on which the jury could reasonably find for the plaintiff. *Anderson*, 477 U.S. at 254; *Cottle v. Storer Communication, Inc.*, 849 F.2d 570, 575 (11th Cir. 1988). Nevertheless, credibility determinations, the weighing of evidence, and the drawing of inferences from the facts are the function of the jury, and therefore the evidence of the non-movants is to be believed and all justifiable inferences are to be drawn in his favor. *Anderson*, 477 U.S. at 255. The non-movant need not be given the benefit of every inference but only of every reasonable inference. *Brown v. City of Clewiston*, 848 F.2d 1534, 1540 n.12 (11th Cir. 1988).

## III.  Discussion.

As an initial matter, it should be noted that nowhere in his complaint, EEOC charge, or responsive briefs does Williams allege that the Union racially harassed him or played a role in terminating him from employment with Tyson. Instead, Williams seems to claim that the Union "failed to back him up because he was black." *Complaint* at ¶ 7. In his EEOC charge, Williams alleged that he was "denied union representation because of my race, Black in violation of Title VII of the Civil Rights Act of 1964, as amended. The union failed to represent me at the pre-trial hearing and at the trial on October 20, 1997." Construed liberally, Williams' allegation is that the Union failed to represent his interests while he was employed with Tyson, when he was terminated, and during his federal court lawsuit out of discriminatory animus toward him.

5

A large portion of Williams' potential claims are clearly time-barred. Williams did not file an EEOC charge against the Union until November 27, 1997. Any claims arising out of Williams' employment with Tyson, which ended on November 30, 1992, or the Union's representation of Williams in his grievance proceeding, which came to a close on February 28, 1993, are well beyond the 180-day limitation for filing an EEOC charge alleging claims pursuant to Title VII. *See* 42 U.S.C. § 2000e-5(e). Any claims brought pursuant to 42 U.S.C. § 1981 would similarly be barred. *See* Ala. Code § 6-2-38(l) (1993) (personal injury actions not specifically enumerated have a limitations period of two years); *see also Goodman v. Lukens Steel Co.*, 482 U.S. 656, 661, 107 S. Ct. 2617, 2621, 96 L. Ed. 2d 572 (1987) (§ 1981 is governed by state personal injury statute of limitations). The court cannot divine any tolling argument applicable to this case.

If Williams' claims can be said to be claims of unfair representation under the Labor Management Relations Act, they too are time-barred. The Eleventh Circuit has held that claims of unfair representation, even if brought independent of a "hybrid" claim against an employer, are subject to the six-month statute of limitations established by the Supreme Court for claims brought under § 10(b) of the National Labor Relations Act in *DelCostello v. International Bhd. of Teamsters,* 462 U.S. 151, 169-171, 103 S. Ct. 2281, 2293-94, 76 L. Ed. 2d 476 (1983). *See Erkins v. United Steelworkers of America,* 723 F.2d 837, 838-39 (11th Cir.), *cert. denied,* 467 U.S. 1243, 104 S. Ct. 3517, 82 L. Ed.2d 825 (1984). The most recent claim Williams makes is that the Union failed to represent him at his trial, which ended with a verdict on or about October 29, 1997. The limitations period therefore expired on or about

April 29, 1998; this lawsuit was not filed until at least May 26, 1998. All unfair representation claims are therefore time-barred.

Williams' Title VII and §1981 claims that the Union failed to represent him at his trial in October of 1997 fail for several reasons. First, although disputed by Williams, it is clear that he was never an "employee" of the Union; he was, rather, a member of the Union and, for some period of time, a shop steward. In fact, it is undisputed that the Union does not have any employees. *Affidavit of Johnny Whitaker* at ¶ 11. The Union was not his employer (or potential employer) and he therefore could not have been subjected to adverse employment decisions by the Union under Title VII and § 1981. Second, absolutely no evidence or legal authority has been offered to suggest that the Union has any authority or duty to represent its members in federal court litigation, nor has any evidence or legal authority been offered to suggest that the Union has ever attempted to represent any of its members in any type of court action. In fact, plaintiff has proffered absolutely no circumstantial evidence tending to show intentional discrimination on the part of the Union. In these circumstances, even construing the facts in favor of Williams, he cannot maintain an action against the Union for discriminatory failure to represent him.

## IV.     Conclusion

For the foregoing reasons, defendant's motion for summary judgment will be granted in its entirety. A separate order, consistent with this opinion, will be entered.

7

Done, this _____ of September, 1998.


EDWIN L. NELSON
UNITED STATES DISTRICT JUDGE